The last case on our calendar for argument this morning is Center for Biological Diversity v. Secretary of the Interior. Eric Lichtenstein, Plaintiff Appellant, Center for Biological Diversity Good morning. Good morning. May it please the Court, my name is Eric Lichtenstein. I'm arguing on behalf of the Plaintiff Appellant, Center for Biological Diversity. The issue on appeal is narrow but important. It's whether members of the public, interested public, have any right under the Administrative Procedure Act to seek updating amendment of a recovery plan issued under the Endangered Species Act. Isn't the issue slightly different? Isn't it whether or not the Administrative Procedure Act allows us to review? You certainly can petition. The question is whether or not we have the jurisdiction to review their denial of your petition. Your Honor, I think that whether there is just review depends at least in terms of the district court's formulation of the question whether we had a right in the first instance. Yeah, that's why I'm playing with this a little bit because we're not bound by the district court's formulation. There's been a bunch of briefing in this case, so I want to confront you with this at the outset, which is what troubles me. Let's assume that the plan is a rule for purposes of the Act because the Act defines rule broadly and it's more than just rules that are subject to notice and comment and other things. I'm trying to figure out what legal rights and obligations flow out of the plan. So could you sue them for not following the plan? Your Honor, I think the question whether we can sue them for not following the plan depends to some degree on the government's position that these rules, the plans, are never enforceable in any fashion. No, no, I'm asking as a legal matter. I think as a legal matter, Your Honor. Not as the government. So could you say you've got a plan and you're not following it and we're therefore suing you under either the ESA or the APA? Certainly under certain circumstances I think you could, and this flows from the plain language. Independent of any actions. Now, I don't understand you could say you've got an obligation to protect the grizzly and you're not undertaking that obligation or you've done something to hurt them. Those are specific actions or omissions. I'm just asking a very narrow question. Do you have a right to sue them for not following the plan? I think under the appropriate circumstances we do. Let me just say to emphasize one thing, Your Honor. Whether we can sue for the denial of a rulemaking petition, taking the premise of Your Honor's question, that the plan could be a rule. I think the Supreme Court's decision in Massachusetts v. EPA clearly answers the question that we can sue for the denial of a rulemaking petition if it's a rule. Now, I don't want to, but that's why I wanted you to focus on the other thing because now you're off into a whole different land. In that land, you can petition to adopt real rules. You know, what the district court said this is not. But let's assume it's a rule for some purposes, but not a rule that requires notice, comment, rulemaking, all those sorts of things. I'm still focusing on the final action stuff. And I'm trying to figure out how it binds anyone. In answer to that question, Your Honor, without losing sight, I think, of the question as to, the core question here about whether it's a rule for purposes of the petition right under the APA, the answer to your question is yes. I think under appropriate circumstances, because the language of the statute, which we should not lose sight of,  shall implement as well as develop appropriate plans for the protection of endangered species that have to include certain specific elements. I'm sorry, Your Honor. Sorry to interrupt because I just want to go back to clarify. The petition that's at issue in this case was filed under subsection 553E. Is that correct? And that gives essentially any interested person the right to petition for the adoption of a rule or the amendment of a rule or the repeal of a rule. Is that correct? And nothing in 553E limits rule in that context to the same subset of rules for which formal notice and comment is required under, I think it's 553C. Is that correct? I think that's absolutely correct. So if we were to find that the recovery plan met the broad definition of rule, nothing in 553E is limited to a subset of that broad definition of rule. In other words, you could apply for any type of rule, as that term is defined under the APA, under 553E. Is that correct? And is this Court's precedent also clear that a denial of a rulemaking petition under 555, excuse me, 553E, a final agency action? All correct, Your Honor. Well, now let's get back to the question she asked you because that's what fascinates me about the first part of the case. There are rules and there are we all agree there are rules and there are rules under the statute, right? Not every rule needs to be the kind of rule that's subject to formal rulemaking, petitions, et cetera. That's correct, Your Honor. Okay. So let's assume you're in rule B category. Call the big ones rule A and the small ones rule B. Even if there are rules for purposes of the act, is it a final action because the denial of your petition imposes binding legal obligations on anyone? No, Your Honor. I think Judge Sotomayor had it exactly right. Well, of course you think she had it exactly right. I'm asking you if she had it exactly right. And I think it flows from the plain language of the APA. And the provision, if I could just extend Judge Sotomayor's analysis slightly, because she refers to 555, 3E, which is the provision that gives any interested person the right to petition for a rule. That's why I said at the beginning, you can petition, because I think this fits within the broad category of a rule, at least for purposes of my question. My next question is, every time a petition is turned down, a final action? Your Honor, but if it's turned down because the agency says it's not a rule within the meaning of 555, 3E, then you have no right at all. Maybe the agency was wrong in saying it wasn't a rule. But you still have to, in order to get to us, you still must be attacking a final action of the agency, right? And that goes to the other part of Judge Sung's analysis, which is a denial of a rulemaking petition under this Court's precedent cited in the brief, not disputed by the government, but also under Supreme Court precedent. Any denial of a petition for rulemaking is a final agency action. Didn't all those cases deal with what I would call Rule A-type rules? They all dealt with rules that had to be subjected to all the procedures. Here, if we say we're defining rule more broadly than it's defined in other contexts, do we also import all the other stuff for the other contexts? No, Your Honor, you don't. You're not defining it more broadly. You're simply applying the plain language of the definition of rule in the APA, which includes. Which includes statements of general policy. Correct, Your Honor. So your position then would be any agency that has a statement of general policy, you can petition for them to change their policy, and when they say go away, you go to Federal court and make them change their statement of general policy. Not make them change it, but at least get judiciary review for whether it's arbitrary and capricious, which is a narrow standard, Your Honor. But assume that their statement of general policy is not, for the moment, binding. They just say pick another agency, and they say our policy is to be kind to the planet. And you go in and say that's not a sufficient policy, for crying out loud. Adopt specific measures. And they say no, thanks. And then you come to us and say that's a final binding legal action. That would be your position, would it not? Well, to dial a petition for rulemaking, which is reviewable. Let me just, Your Honor, if I can just. Rulemaking, sorry. Did you mean that in the technical sense to adopt what he called a group A rule or a legislative rule, but the definition of rule that, it's not your fault, it's used more broadly, to ask them to change a statement of policy doesn't sound like rulemaking. Your Honor, it certainly conforms to the definition that is, once again, and here we're going with the plain language. And we are frequently told, especially these days, that we should go with the textual analysis of the statutes. And the plain language of the statute, the definition of rule, is to hold a part of an agency's statement of general or particular applicability. I'm agreeing with you so far. I'm just saying your attack, your hypothetical attack on statement of general policy is you're not asking them to do rulemaking. You're asking them to change their policy. That's not correct, Your Honor, because a statement of policy that fits within this definition is a rule, and that's just not me saying that. That's the Supreme Court saying that. No, counsel, I'm agreeing with you there. I'm saying do we have to call your attack on that rulemaking? I think we're getting slightly caught up in the definition of rulemaking. Well, because rulemaking has, you know, in the administrative law world, rulemaking, you know, has a lot of special meanings. Now, I'm not wedded to the word, but I'm asking you, shouldn't we think of it as something different than notice and comment rulemaking? Absolutely, Your Honor. And, in fact, your brief is very persuasive. That's why we're in this land. You have a very good argument that the district court was wrong in thinking about this as not being a rule because a rule is not simply formal rulemaking like Judge Boggs talks about, but statements of policy. And I must say I'm tentatively inclined to agree with you that this is a rule. But I'm not sure why I should conclude that any binding legal effect adheres to this rule. Well, let me put it this way. Two answers to that, Your Honor. I think Judge Boggs, I'm glad you put your finger on the distinction between 553B for purposes of notice and comment rulemaking and 553E, as Judge Suggs was referring to a moment ago, your rights to petition. Yes. Let's assume you have the right to petition. We all agree. Your right to petition that I think you're bound by the case law in this Court and the Supreme Court that says we're at least entitled to a non-arbitrary answer that a court could review to see if it meets the minimal standards of arbitrary and capricious decision-making. The action at issue right now is the denial of the petition filed under 5 U.S.C. section 553E, which gives any interested person the right to petition for the amendment of a rule as broadly defined under the APA. Is that correct? That's correct, Your Honor. The case defining it is that. That denial of the petition was a resolution of your right under statutory right under 5 U.S.C. section 553E. And a final agency action is reviewable if it finally resolves a right. And then the agency said we deny, we say no to your petition. And the only question before us is that saying no to your petition, which you were given the statutory right to bring a final agency action, is that your position? That is our position. And if that is your position, then it would still be your position if the plan had absolutely no binding legal effect. It would, Your Honor. The fact that it does have binding legal effect strengthens our argument. I know you're content it does, but I want to understand your position. Your position is if the plan says we'll be kind to children and animals and you said I'd like you to add sheep to that. You'd say, and they said no, we're not doing it. You'd say that's a final agency action that has binding legal effect and I'm entitled to APA review. Assuming it fits within the definition of rule, which is broad. No, no. I've taken you. You don't have to recapture the ground you've already captured. I appreciate that, Your Honor. I just want to understand. I want to understand. Now standing on top of the mountain, I want to understand the implications of your position. Yes, Your Honor. And the implication of your position is if you ask an agency to change a nonbinding policy and they refuse to do so, you are entitled to APA review for their refusal to do so. Yes, Your Honor. And to extend Judge Sugg's analysis, the standard is arbitrary capricious or not in accordance with law. Arbitrary capricious is whether you win or lose. My question is whether you can ask us whether it's arbitrary capricious. I think, Your Honor, I think this is important. Because, again, when you bring into this the standard that flows from Judge Sugg's analysis, which is arbitrary capricious and abuse of discretion or not in accordance with law, here they gave an answer that was not in accordance with law. No. Forget the answer they gave, because that's the merits of the case. I'm trying to figure out whether or not we have jurisdiction to review their refusal to change something that has no force of law. And I'm asking you to assume for purposes of my question that their plan has no force of law. I know you dispute that. And your answer to that question is yes. Under the plain language of the APA, absolutely. And, in fact, if you distinguish between the two. Do you have any case where that has happened? That is, where a petition has been, we want to change this nonbinding statement of policy, and they got that called a final rule and subject to review. Do you have a case that would be like that? Well, I think the case that's referred to in the Animal Legal Defense Fund case, which we recognize is not binding because it was vacated, there was a settlement in this Court, but in that case, the Animal Legal Defense Fund v. Veneman case, which actually referred to a draft policy that was going to implement certain provisions of the Animal Welfare Act, and the three-judge panel of this Court analyzed what constitutes a rule for purposes of the APA. But wasn't that an argument that they had to adopt a policy? No, Your Honor. Wasn't that an argument modifying it? There was actually clearly no obligation to adopt a policy. It was done by the agency's own initiative. In fact, what happened is that the agency then on its own initiative withdrew the draft policy that it had decided to go down the road of adopting. And the question before the Court was whether that withdrawal of a draft policy. So the reason I'm pushing back on you so hard on the second issue is that I read our case law, both precedential and nonprecedential, as saying that the plan does not impose any legal obligations. And so I know you have an argument that it should, but it seems to me I'm bound by our case law on that. Can I answer that? I'm sorry. Can I also, before we move on, I do understand that there's a question pending. But before, I want to just make sure we're clear on what your petition would cause to happen if it were not denied. Because my understanding of the statute is that the FWS would then, in order to amend a recovery plan, has to go through a specific, not the general APA notice and comment rulemaking process, but does have to engage in some kind of public comment process before amending a recovery plan. So if I understand correctly, your petition, if we treated this as final agency action under our precedent, the petition, or if it were granted, it wouldn't necessarily mean that the agency is deciding that it would adopt the amendments that you ask it to amend in the petition. Rather, it would initiate the process for considering amendments to the plan. Is that correct? And by denying your petition, the agency was saying, we're not even going to engage in that process. Is that correct? That is correct, Your Honor. Okay. And so by saying, essentially what the decision that we're reviewing right now is not the decision about whether to ultimately amend the plan, but whether to even entertain your petition to start that process. Is that correct? That is correct, Your Honor. Okay. And let's go back to this for a second. Is there any statutory obligation to amend the plan? The statutory obligation is to develop and implement the plan. Right, right. And Judge Sung is saying certain things flow when you file a petition. And let's put that aside for a second. I'm asking whether or not the agency has any statutory obligation. It has a statutory obligation to adopt a plan. We know that. And implement it, Your Honor. Well, okay. But that's the question. Are you arguing? And I think you could sue them for failure to implement, perhaps. But where do they have a statutory obligation to amend it, which is what you're asking them to do? Well, Your Honor, again, it's precisely because we're using the APA petition right as the vehicle to ask them to amend it. But in answer to your question. Let me ask you a question more specifically. You're so smart that you can evade it. So let me try to make it more specific. Is there anything outside the APA that imposes on them an obligation to amend the plan? Specifically, does the ESA have in it an obligation to amend the plan? Well, what the statute 4F1 says, Your Honor, is that when they do amend the plan, they have to go through a notice of penalty. Right, right. And that's what Judge Sung was talking about. I'm still waiting for an answer to my question. Think if they deviate from a plan. You can sue them for deviating. I'm still asking. You're very good. You're very good. And you may sit down without answering. I'm going to keep trying. Tell me where in the statute it says they have an obligation to update or amend the plan. I don't think the statute itself says that, but I think as the D.C. Circuit, both the majority in dissent and the Friends of Blackwater case, which I think is a critically important case in this context, what the majority of dissent said, although the plan is not binding when you get to a delisting point, before that point, the agency is obligated to amend, to either follow the plan or if it's going to throw the plan out the window and say we're no longer implementing the plan, then the agency is obligated to amend the plan. And the Court basically infers that. But you're not arguing that they're throwing the plan out. See, that's why I'm still focusing on a very narrow question. And it may not hurt your case. I just want to figure, sue them whenever you want for not doing things or not implementing things or actions or omissions. I have a very specific question, which is, is there any legal obligation to do what you're asking them to do, update the plan? And the statute, again, it only says that when they do amend the plan, they have to go notice the comment. Right, right. I think it's, as the D.C. Circuit, I am trying to answer the question. I think the D.C. Circuit's analysis of the statute is provisional. The D.C. Circuit says, look, if you throw the plan out the window, then you've got an obligation under the statute to adopt a new plan. But that's a different question. You're not really saying throw out your whole plan. Your petition says the plan ought to be amended in certain respects. You may well be right. I'm just asking whether they have a legal obligation arising out of the ESA, not the APA. To amend the plan. I think the answer is no. I would say no. And that's why we invoked the APA. Fair enough. Because the APA, and I wasn't trying to be evasive. I was just trying to completely answer the question. No, you're doing a good job. I want to make sure I understand where your argument's coming from. Your argument comes from the APA, not from the ESA. That's correct, Your Honor. Just to, if I could just, I know my time is growing. Well, I'll tell you what, we'll give you a little bit of extra time at the end. I appreciate that, Your Honor. Or you could use it now. But you don't get both. If I could just use a minute, Your Honor. Then you can use it now. Okay. Just to cite Bennett v. Speer on the Supreme Court's Weyerhaeuser decision. We cite those in the briefs. Both of those stand for the proposition that the rights under the ESA are not exclusive of rights under the APA. That is the ruling of both of those cases. Bennett v. Speer in particular says that merely because you couldn't sue the service for an arbitrary and capricious biological opinion under the ESA, citizen supervision, doesn't mean you can't avail yourselves of APA rights. So our case is exactly on point, Your Honor, with that. The second point, I just, I would be remiss and I could address it now, but I think it would be fairer to the government if I, I mean in rebuttal, but address it now, which is your position that the case law forecloses the argument that there's any binding effect under the ESA to recovery plans. And I think that none of the case law that the Court has issued, certainly published decisions, explicitly grapple with the language which says that the Fish and Wildlife Service shall develop and implement recovery plans. The cases that they rely upon, Cascade and Finley, which are the published opinions, those cases specifically dealt with the obligations of action agencies. And I would respectfully submit even for action agencies like the Forest Service, recovery plans are treated quite properly by this Court as at the very least authoritative. The way I read Finley, this Court was simply providing some background information regarding recovery plans and cited Friends of Blackwater v. Salazar for the idea, general idea that they're non-binding. But as you point out, in Friends of Blackwater v. Salazar, they actually specifically note that what they were really only deciding was the enforceability of the delimiting criteria set forth in the plan, but that there is a statutory obligation of the service to develop and implement that is, in essence, some binding effect of a plan. Yes, I agree with that, Your Honor. You say we were wrong when we said that. Well, there's language. But the reality is the Court has not grappled with the plain language of shall develop and implement. So I agree with that analysis. And you may be right. The Court may have not grappled with it. I'm trying to figure out whether we're stuck with its non-grappling or I'm clever enough to get around it. We'll see. Thank you. Thank you, Your Honor. Let's hear from the government. Good morning, Your Honors, and may it please the Court. My name is Ben Richman, and I represent Federal Appellees. With me at Council table is Travis Jordan, who will argue on behalf of Intervenors State of Wyoming for three minutes. Your Honor, this case concerns whether plaintiffs may petition for changes to  the APA's petition for rulemaking provision. As a district court held, they cannot. This court can affirm the judgment of the district court for three reasons. First, because a recovery plan is not a rule. Second, because even if a recovery plan is a rule, it is not the type of rule subject to an APA petition. And third, and the alternative, it can affirm the judgment of the district court on the merits. Well, let's – I want you to respond to – if I can rephrase Judge Sung's question, and if I get it wrong, she'll phrase it correctly. She reads the statute and says there's all kinds of rules, but the statute gives you the right to petition to change what I call Rule A and Rule B, what Judge Boggs has called formal rules and policy statements, and that the denial of that petition is a final action under the statute, and that's the end of the analysis. Fair? Respond. Your Honor, our position is that the denial – there was no petition for rulemaking filed here because the recovery plan itself is not a rule. Okay, but let's assume now, for purposes of discussion, that rule is defined broadly in the APA, including Rule As and Rule A and B, and policy statements, which I think the plan is, is a rule for that purpose. Now respond to Judge Sung's question. Certainly, Your Honor. So the courts that have narrowly addressed this issue have held that the petition for rulemaking provision under 553E is appropriate for substantive rules but not interpretive rules or other types of agency statements or rules. So for – Do you have any – what case specifically says that a 553E petition is limited to formal rules? The National Wrestling Coaches Association case, the District of D.C. The court held that it did not have jurisdiction over a petition to amend an interpretive rule, and that interpretive rules, agency rules of organization, procedure and practice, and general statements of policy all were not subject to the petition provision. In addition, the Seventh Circuit similarly provided that a petition for an interpretive rule was not subject to the 553E petition right. And a court in the Northern District of New York held the same. And, Your Honor, we would submit that all those decisions make sense in light of the policy considerations in play here. So I think most important is the final agency action requirement for non-binding guidance like the recovery plan. So if this court were to adopt plaintiff's theory, that would essentially allow challenges to non-binding guidance statements solely by filing a petition and obtaining a denial of that petition and using that as agency action. So as the district court held, it's essentially an end run around the final agency action requirement, which would make the final agency action requirement meaningless. Well, what isn't in a holistic sense, isn't the action final in this case, which is to say they filed a petition asking you to amend the rule. You said no. What more? What more needs to be? They think that you're saying no was arbitrary and capricious. They may be dead wrong, but why isn't it a final action? So assuming that it was a valid petition for a rulemaking. Yeah, and assume that it was a valid petition. Assume that they can petition not only for formal rules but for policy statements. Assuming that, Your Honor, then yes, if it was a valid petition for initiation of a rulemaking, then a denial of a valid petition would create a final agency action. Even though they were petitioning to change a rule that itself imposes no legal obligations. Well, I think that gets to our whether a recovery plan is a rule. Well, that's why I'm asking the question. Yeah, exactly. But is the difference. Help me here because I thought your national wrestling coaches was really quite good. Your quote is it says 553 doesn't apply to interpretive rules, general statements of policy, which are rules at that level. So whether they're right or wrong, but doesn't that case sort of go against Judge Sung's logical step one, step two, step three analysis? It does, Your Honor. And, you know, we would also urge the court to potentially consider not making a broad ruling that would implicate all general statements of policy and instead would be limited to a recovery plan. A general statement of policy is not defined by the APA. This court concluded that in Mata Luna. And making a ruling on a general statement of policy could potentially have pretty broad implications for all sorts of different administrative processes. There are many non-binding guidance documents and policy statements issued by agencies. And, you know, there's no real effective limiting principle for plaintiff's theory of the case here. You know, are all non-binding guidance now challengeable through petitions? Okay. Can I take you back for a second? Because I'm trying to figure out what the definition of rule is, which is what the district court spent a lot of time on. And you say you can't file 553 petitions to change interpretive rules. But they're rules. We think of them as rules. Yes. And so is what you're really saying in this case is this may be a rule, but it's not the kind of rule that the Act allows you to petition to change? That's our second argument, Your Honor. But there I'm stuck with the notion that the statute itself doesn't make distinctions. It just says you may petition to change a rule. Right, Your Honor. And I think this Court should give broader context to, for example, the District of D.C. case, just because of the policy implications which I was talking about, you know, in terms of the final agency action requirement, in terms of... But is there... I mean, you're making a policy argument. And if anything, we are bound by the text of the statute here. And the statute says under 5 U.S.C. 533E, there's no limitation to the type of rule. So you're asking us to do what exactly the Supreme Court has told us over and over again not to do, which is to inject policy concerns and rewrite the wording of the statute, to limit the types of petitions that can be filed under 553E. Right. And if that's Your Honor's concern, we would respectfully point the Court to our first argument, which is that a recovery plan itself, as a non-binding guidance document, is not a rule. Well, let's assume it is. Let's assume it is a rule. Tell me why, assuming that it is a rule, and assuming for a moment that they are entitled to file a petition to change it, even if it's not a Class A rule or a legislative regulation, why the denial of that petition is not a final agency action? And what I'm wondering is, is can you have an action that is final in many respects, but is not a final action under the APA, because the APA says that defines final action in certain ways? Right. Yeah. And it's ambiguous. In a way, this is sort of an end run around the final agency action requirement, because the base of the petition here, the recovery plan, is non-final. And this Court held in Friends of the Wild Swan that the provisions of a recovery plan are not challengeable under the APA. Why should there be – I mean, essentially what I hear you saying is we can't find that a denial of a petition brought under 553E is a final agency action, because there isn't some other final agency action at issue. But let's take a different hypothetical. If someone just exercises their right under 553E to petition an agency to enact a brand-new rule, and the agency says no, there's no separate, independent final agency action at issue, the mere absence of the creation of a rule or engaging in a ruling is not something that can be reviewed in and by itself. So the only thing at issue in that 553E case is the denial of the petition to create a rule. And we would never say that decision, that denial, is not in and of itself a reviewable final agency action. And by its terms, it meets all the qualifications for a final agency action, just because there isn't also some other rule that counts as a formal rule already in existence. Right, Your Honor. So I think relevant here, the petition is for an amendment of an existing recovery plan. And if we go back to the text of the petition, it is a challenge to the substance of our nonbinding agency plan. So what I hear you saying is everything really does turn on that initial threshold question of whether the recovery plan meets the APA definition of a rule. If it does, then there's no textual basis in 553E to say that it doesn't, that someone can't petition to amend that quote-unquote rule. You're correct, Your Honor, that there is no textual basis. Although we have these cases from the Seventh Circuit, from the District of D.C., and the Northern District of New York limiting petition-making to substantive rules. So you're, in other words, I'm trying to work at this question from both ends. I understand your argument that they're not entitled to file a petition because it's not a substantive rule. And that's an argument that finds not much support in the language of the statute. Correct? We're essentially arguing that there is no petition for rulemaking at all because a recovery plan itself is not a rule. Is not a rule. Yeah, we're not. Okay. So your argument on that end hinges on the fact that your belief that the recovery plan is not a rule. Yes. How do we deal with the cases that say we should view the word rule under the Act very broadly, under the APA? Certainly, Your Honor. And not limit it to the kinds of rules that are subject to formal rulemaking and everything else, but to view it to include policy statements and things like that. So, you know, as then-Judge Roberts held at Industrial Safety Equipment Association, Congress did not intend that the APA definition of rule be construed so broadly that every agency action would be subject to review. Well, that, see, that's a different question. Was that case Independent Equipment Dealers, or is that you gave a different name? Is there another case? Oh, I'm sorry. It may have been Independent Equipment Dealers. I thought it was Industrial Safety Equipment Association. I'm looking at it. It's Independent Equipment Dealers. Oh, sorry. That's the one. It is by now Chief Justice Roberts. Okay. Yes. Sorry, Your Honor. But was he ruling in that case that they couldn't petition or that the denial of their application wasn't subject to judicial review? I believe it was a holding that the agency statement at issue was not itself a rule, and that rule did not create agency action, which was a final agency action. So I'm trying to figure out a circumstance where something can be construed as a rule under the broad definition of rule. Is it your position that if it can be construed as a rule, then a denial of a petition? Our position and our second argument is that it could only be – only a valid petition for rulemaking would be for a substantive rule. I mean, doesn't Roberts say – he's quoting Bennett v. Speer – that you don't have final agency action unless it's one from which legal consequences will flow? Yes. That's why I asked the question. Yes. I mean, I think that's what Roberts was saying. We don't have the – petition away. You know, go ask the agency to do whatever it wants. You don't just – we don't have any right to come to court when they don't do what you want because that's not a final agency action. And that's why I was trying to distinguish between the right to petition and our right to review. But do you draw – do you think that distinction is there? The – sorry, the distinction between the right to petition and the right to review. The petition and the right to review. So your friend says – if I can rephrase his argument – I have a right to petition. Judge Sung just read you the statute. If this is a rule – and let's assume it is a rule under the broad definition of rule – the next question is, is the denial of that right, the petition, a final agency action? And there's lots of cases that deal with what – you know, Uber rules, the kind of rules we were talking about before. Legislative rules. Legislative rules. Fair enough. Legislative rules that say, yeah, it is. I'm trying to figure out where the case law is when it's something like a policy statement, like Judge Roberts was dealing with there. Right. Is that a final action because the rule itself was not legally binding? Or is it a final action because, as Judge Sung posited, every denial of a petition is a final action? Right. So I think it's not a final action because it's not a rule. And, I mean, many nonbinding – I know. You keep saying that. And I keep coming back to you and saying the definition of rule is quite broad. Right. And so I think it might fit within the broader definition of a rule, but we all agree it's not a legislative rule. So the question is, is there some distinction between the two? I believe there is, Your Honor. I mean, courts have many times held that nonbinding agency policy statements and guidance are not rules. So, for example, guidance on asbestos respirators, guidance on pesticide exemptions, approved agency budgets, the EEOC's enforcement plan, all of those are nonbinding guidance documents that were held not to be rules by the courts. Not to be rules under the broad definition of the APA or not to be rules subject to notice and comment rulemaking under 553B or C. I can't remember. Yeah. The first one. Not rules at all in each of those cases. And, you know, so the court is well within its discretion here to hold that. A recovery plan, which is also a nonbinding guidance document. Well, this is not a matter of discretion. We're trying to do statutory interpretation. So point to me about cases that specifically concern recovery rules. There are some cases out there we have a nonbinding decision. We have some language in another case which may or may not be well considered or dictum. But tell me what the review of the case law for me about what a recovery plan is. Right. So as the D.C. Circuit held in Blackwater, a recovery plan is a roadmap. It is a plan. It's a set of nonbinding recommendations on how to get to a goal or what the D.C. Circuit said was the destination of species recovery. But, you know, an agency can depart from the roadmap. It's just a set of recommendations. It's just advice. So this court held in Conservation Congress in a case about the re-initiation of consultation under Section 7 that a recovery plan was nonbinding. It's similarly provided in Cascadia Wildlands v. Thackrell and Cascadia Wildlands v. BIA that recovery plans are not binding. How do you deal with the center's argument based on the Marine Mammal Protection Act where the Congress has, in fact, said that certain actions cannot be taken unless they are consistent with a recovery plan? So our position is those statutes help to implement the recovery plans, not the other way around. The statutes take the recommendations that are in the recovery plan, and they carry them forward through discretionary actions like an incidental take permit or other types of permits. They effectively give the recovery plan some binding legal effect. And if the recovery plan exists, they can't then, under this other statute, take an action that conflicts with that plan. That seems to me that it gives it the status of a binding rule. So, Your Honor, in a recovery plan, you know, any methodology, study, even if commanded by statute, you know, essentially saying any study that's or methodology that's relied on in a statute does not necessarily make that methodology or series of recommendations a rule. And that would mean a whole host of different agency studies would effectively become rules because they are referenced by and relate to subsequent actions. We're not talking about any reference. We're talking about a statutory reference that says your action must be consistent with this plan. So our position here, Your Honor, is that the Marine Mammal Protection Act, it's essentially it's referencing and it's allowing certain discretionary action. So, you know, an incidental take permit or a permit, you know, a permit for certain activities on the Marine Mammal Protection Act, if the agency exercises its discretion to issue one of those permits. And then it cabins that discretion by saying, but you can't do it if it's going to conflict with the recovery plan. Right. And so, you know, the ESA has pretty broad discretion in it. That's how the circuit is held. You know, the ESA breathes discretion at every pore. And I think that discretion is key when the court considers the status of a recovery plan. You know, so, yeah, essentially the discretion here allows a lot of different methods. So sorry, I want to get back to the actual recovery. No, you can only answer her question because you've, for some reason that I don't understand, decided to see three minutes to the state and you don't get 30 minutes and then an extra three. So if you answered the judge's question, I think your time is up. Okay. For these reasons, Your Honor, the judgment of the district court should be affirmed. Thanks. May it please the court. Travis Jordan for the State of Wyoming Council. Judge Hurwitz, I want to go to your question that you let off with respect to the appellant in the first part of this argument. And that is whether or not a recovery plan has legal consequences. The State of Wyoming and Idaho are in this case because they're involved in recovery planning. It is our position that the terms of the recovery plan do not have legal consequences on the service or third parties and are therefore not a rule under the APA definition. The states of Idaho and Wyoming, using largely their own resources, participate in grizzly bear monitoring by fitting bears with radio collars, collecting blood, hair, and tissue samples, and conducting observation flights. This data supports the service by providing timely information on bear population habits and their health. Wyoming and Idaho partner with the service not because the recovery plan requires states to monitor bears. Instead, states voluntarily partner with the service because they share the service's goal for recovery. This relationship between the service is exactly what the court recognized in Friends of Wild Swan when it concluded, quote, the recovery plan does not create any legal rights or obligation for the service or any third parties, close quote. In fact, the Yellowstone Grizzly Bear Recovery Plan makes clear when it neither, quote, obligates or implies a requirement for the identified parties to implement the actions, close quote. Wyoming SCR 8. Reversing the district court will harm species recovery in two ways. First, plans are inherently flexible because species recovery is dynamic recognizing the plan as a rule will eliminate the service's flexibility to adopt new methods or priorities for monitoring bears. I mean, I don't understand that argument because the APA broadly defines rule to include things that are not necessarily like the types of, you know, regulations that are, you know, that we all must follow. Like, you know, it's not setting forth a criminal law or a binding regulation. It broadly includes statements of policy. Is anything about our decision today saying the denial of a petition to amend a recovery plan that fits into the broad definition of rule then impliedly make the plan the type of rigid thing that you're fearing? I mean, there's nothing in, I don't see any implication of saying just because you can petition to amend, let's say, assume, let's assume for the purposes of argument that a plan is non-binding just because the decision that someone has the right to petition to amend a non-binding rule and the decision to deny that petition is subject to review under an arbitrary and capricious standard. How does that then make the plan binding or rigid in some way? Your Honor, with respect to 553, the title in the APA is titled Rulemaking. Congress made clear when it adopted the recovery planning provision in the ESA in 1988, that's an HR Conference Report 10928, that the conferees agreed that the requirement for public notice and comment does not make necessitated rulemaking. I think we're... But in the subsection that applies to formal notice, comment, rulemaking carves out expressly certain types of, you know, rules as defined under the APA. E, which is this section at issue here, subsection at issue here, does not have that same carve-out. So applying E to something that falls within the carve-out for formal notice and comment making, I don't think then causes that thing to become subject to formal notice and comment rulemaking. Judge Singh, I respectfully disagree because E references rules, right? That's why we're here. The definition of a rule, even if it's a broad statement of policy, requires future effect. And that's what's missing in this case. Rule is clearly defined extremely broadly in the APA, and if it didn't include things like general policy statements, why is the carve-out even necessary in the section that requires notice and formal comment rulemaking? And under all the normal rules of statutory interpretation, that carve-out applies only to the subsection within which it's contained. And nothing, no one's identified anything in subsection E that includes the same carve-out. Again, but with respect to rules in the recovery plan, they're not binding consequences, legal consequences on the state of Wyoming, the state of Idaho, or the service for failing to adhere to the plan. As the petitioner, excuse me, the appellants have argued that they suggest that the recovery plan requirement is mandatory, but it truly is a myopic reading of the statute which says the service can make a determination unless they determine differently that a recovery plan does not promote the conservation of the species. I guess I'm just wondering, do we even need to decide whether a recovery plan is binding or not binding in this case? And if simply finding that a rule, a 553E petition, a denial of that petition, assuming it's petitioning for a rule as that is broadly defined under the APA, is there anything about that requires to find whether the rule at issue is binding or not binding or imply that the rule is binding or not binding if what we're saying is that it applies to the broad definition of a rule under the APA, which includes things that are non-binding rules? Because, Your Honor, not everything is a rule. Again, it's future effect under the definition of the APA. What's missing here is the future effect with respect to the case of controversy. Well, under the statute it says a recovery plan shall be developed and implemented. It has some future effect on the agency itself. Even the Fourth Circuit decision which says that the criteria aren't, you know, they don't have to follow their own criteria for delisting in the plan. And they still say that the agency has to implement the plan that it develops. I would disagree because they implement, the service only manages wildlife. We know that wildlife rely on habitat. The service, with very little exception, does not manage the habitat. So they have to work with the United States Forest Service with respect to grizzly bears. They have to work with the National Park Service. And they have to work with the State of Wyoming and Idaho. So just because the statute says implement, that the statute envisions implementation with a partnership. Again, that's section 4F2, which says the service can work with states, it can work with the other federal agencies, and may incorporate their assistance, which again goes to the recovery planning process. Wyoming and Idaho spend their own resources to help monitor bears. If the recovery plan, it provides for the monitoring of bears for genetic diversity, for disease issues, and if the service prioritizes monitoring for genetics, and the State of Wyoming and Idaho prioritize monitoring for potential health or disease issues, the ESA doesn't provide the service an enforcement mechanism against the State of Wyoming or Idaho for taking a different priority with respect to monitoring. And I think that's what's crucial here, is again, there's no legal consequences of the recovery plan on the service or the third parties that it works with. No legal consequences, kind of what's Wyoming's interest here, that is nothing's going to hurt you. We are, Your Honor, Wyoming and Idaho are members of the recovery planning process and the recovery planning team. And our implementation is such that we are, we contribute resources and contribute data to the recovery process, monitoring. Is your real argument that if the Wildlife Service has to spend its time and resources litigating with Mr. Blitzen, they're not going to be helping the bears? They're going to be hurting? Yes, Your Honor. I think that's actually the second point I wanted to make. Yeah, I think you've well exceeded the three minutes we set aside. Thank you, Your Honor. State of Wyoming asks that the court affirm. Thank you. This case will be submitted. Mr. Glistenstein, I made you an offer when you got to the ISA. You could continue to argue or I'd give you two minutes. You used two minutes. The case is submitted. Thank you. All rise. This court's review session stands adjourned.
judges: Boggs, HURWITZ, UNKNOWN